(February 8, 1886.)

### MURPHY v. FULD ET AL.

[9 Pac. 609.]

APPEAL—INSUFFICIENT RECORD—AFFIRMANCE.—Where the complaint will support the judgment, appellant must show error or judgment will be affirmed.

Bruner, Parsons & Bruner and Hawley & Ruick, for Appellants.

The judgment must accord with, and be warranted by, the pleadings of the party in whose favor it is rendered. A judgment that is not supported by the pleadings is as fatally defective as one which is not sustained by the evidence. (*Bachman v. Sepulveda,* 39 Cal. 688.) When a judgment is rendered upon the default of the defendant, the judgment must follow the prayer of the complaint. (*Lowe v. Turner,* 1 Idaho, 107.) If the wife has signed the mortgage alone, and not the bond, it will be erroneous to demand a personal judgment against her. (*Gebhart v. Hadley,* 19 Ind. 270.)

A. F. Montandon, for Respondent.

No bill of exceptions being in the record, nor any error assigned, the judgment or decree must stand unless the complaint will not support any judgment. (*Lamkin v. Sterling,* 1 Idaho, 120; *Smith v. Sterling,* 1 Idaho, 128; *Diehl v. Hull,* 1 Idaho, 352.) Any part of a description that may be disregarded and leave sufficient to identify the land may be treated as surplusage. (*Anderson v. Baughman,* 7 Mich. 69, 74 Am. Dec. 699; *Worthington v. Hylyer,* 4 Mass. 205; *Peck v. Mallams,* 10 N. Y. 582.) The description in the decree is at least *prima facie* sufficient. (*Whitney v. Buckman,* 13 Cal. 536; *De Leon v. Higuera,* 15 Cal. 483; *Hancock v. Watson,* 18 Cal. 138.)

HAYS, C. J.—This appeal is from the judgment. There is no bill of exceptions in the record. It nowhere appears in the transcript that defendant Rosa Fuld is married; hence the argument on that point cannot be considered. We think the complaint will sustain the judgment.

Judgment affirmed.

Buck and Broderick, JJ., concurring.